# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ARCH COAL, INC.,**
**Employer Below, Petitioner**

**FILED**
**May 1, 2023**
EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-310**     (JCN: 2010134954)

**JOBIE HOWARD,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Arch Coal, Inc. ("Arch") appeals the November 14, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Jobie Howard filed a timely response.[1] Arch did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which denied Mr. Howard permanent total disability ("PTD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Howard was injured in an electrical explosion on May 12, 2010, while employed by Arch. Mr. Howard suffered compensable injuries to his bilateral upper extremities, back, and vision.

On May 30, 2012, Mr. Howard underwent an independent medical examination ("IME") performed by Michael A. Krasnow, D.O., an ophthalmologist. Mr. Howard also reported a previous bilateral refractive surgery in 2004 to correct his vision. Dr. Krasnow evaluated Mr. Howard and found that 50% of his vision in the right eye was affected. Dr. Krasnow made no finding as to impairment in the left eye. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, (4th ed. 1993) ("*Guides*"), Dr. Krasnow determined that Mr. Howard had a 21% whole person impairment ("WPI") for vision loss related to his compensable injury.

---

[1] Mr. Howard is represented by Edward Garth Atkins, Esq. Arch is represented by T. Jonathan Cook, Esq.

1

The claim administrator issued a letter dated January 8, 2015, that acknowledged a 2012 Office of Judges' decision that had awarded Mr. Howard a 57% WPI based on his compensable injuries.[2] Mr. Howard filed his petition for permanent total disability ("PTD") on September 9, 2015.

On May 17, 2017, Mr. Howard was evaluated by Ghassan Dagher, M.D., an ophthalmologist. Dr. Dagher disagreed with the report of Dr. Krasnow. Using the *Guides*, Dr. Dagher opined that Mr. Howard had a 2% WPI for vision loss related to his compensable eye injury. Dr. Dagher then apportioned for preexisting eye conditions and found that 1% of the total WPI was related to the compensable injury.

Prasadarao Mukkamala, M.D., performed an IME on Mr. Howard on June 20, 2017. Using the *Guides*, Dr. Mukkamala opined that Mr. Howard had a 35% upper extremity impairment ("UEI") of the left hand for range of motion ("ROM") loss, an 8% UEI of the left shoulder for ROM loss, an 8% UEI of the left elbow for ROM loss, an 11% UEI of the left wrist for ROM loss, a 1% UEI for scarring, and a 5% WPI for back scarring. Dr. Mukkamala combined these totals and converted them for a total WPI of 46%. Dr. Mukkamala did not offer an impairment rating for Mr. Howard's right eye.

On October 15, 2018, Mr. Howard underwent an IME performed by Bruce Guberman, M.D. Using the *Guides*, Dr. Guberman opined that Mr. Howard had a 47% UEI of the left hand for ROM loss and sensory deficit, a 17% UEI of the left shoulder for ROM loss, a 13% UEI of the left elbow for ROM loss, a 10% UEI of the left wrist for ROM loss, and a 17% WPI for scarring. Dr. Guberman combined these totals and converted them for a total WPI of 50%. Dr. Guberman did not offer an impairment rating for Mr. Howard's right eye.

The PTD Board issued its final recommendations on October 5, 2020. The PTD Board adopted the findings of Drs. Mukkamala and Dagher and found that Mr. Howard had a combined total 46% WPI, which did not meet the 50% WPI threshold for PTD. Therefore, the PTD Board recommended that Mr. Howard's application for PTD be denied.

The claim administrator issued an order dated October 13, 2020, that denied Mr. Howard's application for PTD based on the recommendation of the PTD Board. Mr. Howard protested this order.

On December 23, 2020, Mr. Howard was evaluated by Jitander S. Dudee, M.D., an ophthalmologist. Dr. Dudee found that Mr. Howard had a 44% loss of vision in the right eye and a 5% loss of vision in the left eye related to the compensable injury. Using the *Guides*, Dr. Dudee determined that Mr. Howard had 100% impairment in the right eye due

---

[2] Neither of these documents were included in either party's appendices, but they are referenced in the Board's November 14, 2022, order at issue in the instant claim.

to diplopia and a 5% impairment in the left eye. Dr. Dudee found that Mr. Howard had a total 27% WPI for vision loss related to the compensable injury.

Mr. Howard saw Robert B. Walker, M.D., on March 5, 2021. Using the *Guides*, Dr. Walker opined that Mr. Howard had a 44% UEI of the left hand for ROM loss and sensory deficit, a 17% UEI of the left shoulder for ROM loss, a 13% UEI of the left elbow for ROM loss, a 7% UEI of the left wrist for ROM loss, and a 20% WPI for scarring. Dr. Walker combined these totals and converted them for a total WPI of 50%. Dr. Walker did not offer a rating for Mr. Howard's visual impairment.

On May 20, 2021, Mr. Howard was evaluated by David L. Soulsby, M.D. Mr. Howard reported that he had fractured two fingers on his left hand in 1998 and had surgery on those fingers. Mr. Howard indicated that he had residual stiffness and loss of range of motion in his left hand. Using the *Guides*, Dr. Soulsby found that Mr. Howard had a 39% UEI of the left hand for ROM loss, a 16% UEI of the left shoulder for ROM loss, a 10% UEI of the left elbow for ROM loss, a 16% UEI of the left wrist for ROM loss, and a 3% WPI for scarring. Dr. Soulsby combined these totals and converted them for a total WPI of 39%. Dr. Soulsby did apportion for Mr. Howard's 1998 left-hand injury and did not offer a rating for Mr. Howard's visual impairment.

Mr. Howard saw Chuan Fang Jin, M.D. on April 14, 2022. Using the *Guides*, Dr. Jin found that Mr. Howard had a 28% UEI of the left hand for ROM loss, a 12% UEI of the left shoulder for ROM loss, a 10% UEI of the left elbow for ROM loss, a 12% UEI of the left wrist for ROM loss, and a 7% WPI for scarring. Dr. Jin combined these totals and converted them for a total WPI of 37%. Dr. Jin did apportion for Mr. Howard's 1998 left-hand injury and did not offer a rating for Mr. Howard's visual impairment.

On November 14, 2022, the Board issued an order reversing the claim administrator's denial of PTD. The Board found the reports of Drs. Soulsby and Jin were equally reliable and also that the reports of Drs. Dudee and Krasnow were equally reliable and adopted the findings that were most consistent with Mr. Howard's position under West Virginia Code § 23-4-1g. The Board combined the impairment ratings of Drs. Soulsby and Dudee and found that Mr. Howard had a total 55% WPI. The Board further remanded the claim back to the claim administrator with instructions to refer the claim back to the PTD Board for determination of entitlement of a PTD award. Arch now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the

3

Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;

(2) In excess of the statutory authority or jurisdiction of the Board of Review;

(3) Made upon unlawful procedures;

(4) Affected by other error of law;

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Arch argues that the Board cannot combine the impairment rating of different physicians thereby creating a "new impairment recommendation." Arch alleges that the method used by the Board is substituting its own calculation for that of a calculation performed by a physician. We disagree.

In *Miller v. Dynamic Energy, Inc., LWF*, No. 20-0552, 2021 WL 5150063 (W. Va. Nov. 5, 2021) (memorandum decision), the Workers' Compensation Office of Judges' combined the impairment ratings of two physicians for two different areas of the claimant's body. One physician correctly rated the impairment to the claimant's cervical and lumbar spine and a different physician had correctly rated the impairment to the claimant's right shoulder. The Supreme Court of Appeals of West Virginia held that the combination of these impairment ratings to determine WPI for a PPD award was acceptable.

West Virginia Code § 23-4-1g(a) (2003) provides:

For all awards made on or after the effective date of the amendment and reenactment of this section during the year two thousand three, resolution of any issue raised in administering this chapter shall be based on a weighing of all evidence pertaining to the issue and a finding that a preponderance of the evidence supports the chosen manner of resolution. The process of weighing evidence shall include, but not be limited to, an assessment of the relevance, credibility, materiality and reliability that the evidence possesses in the context of the issue presented. Under no circumstances will an issue be resolved by allowing certain evidence to be dispositive simply because it is reliable and is most favorable to a party's interests or position. If, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted.

The Board found that the reports of Drs. Mukkamala, Guberman, and Walker were unreliable because they all failed to apportion for Mr. Howard's prior left-hand injury. The board found that the report of Dr. Dagher was not reliable because it was an outlier and not in accord with the valid ratings of Drs. Dudee and Krasnow. From the remaining physician reports, the Board made the determination that the reports of Drs. Jin and Soulsby were equally reliable and, therefore chose Dr. Soulsby's report because it was most consistent with Mr. Howard's position, under West Virginia Code § 23-4-1g. Similarly, the Board found that the reports of Drs. Dudee and Krasnow were equally reliable and chose the report of Dr. Dudee as it was most consistent with Mr. Howard's position. The Board then combined the findings of Drs. Soulsby and Dudee in order to find Mr. Howard's total WPI.

After review, we conclude that the Board did not err in combining the valid impairment ratings of two physicians to determine Mr. Howard's total WPI. Dr. Soulsby is not an ophthalmologist and was not qualified to rate Mr. Howard's visual impairment. Similarly, Dr. Dundee specializes in ophthalmology and was not qualified to rate Mr. Howard's physical impairment. Since neither physician could rate the impairment to both the physical injury and visual injury, it was reasonable for the Board to combine the reports of the two physicians to determine the total WPI. Further, the Board did not err in adopting the findings or Drs. Soulsby and Dudee.

Finding no error in the Board's November 14, 2022, order, we affirm.

Affirmed.

**ISSUED:** May 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen